IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JONATHAN JACKSON PLEDGER,<br>  Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br>and ELISABETH DeVOS, *in her official*<br>*Capacity as Secretary, U.S. Department*<br>*Of Education*,<br>  Defendants. | Civil Action No.: 3:20-cv-0416<br>Chief Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In this case, Plaintiff Jonathan Jackson Pledger ("Mr. Pledger") filed a Complaint against Defendants U.S. Department of Education ("DOE") and Elisabeth DeVos, as Secretary of the DOE, ("Ms. DeVos") seeking a declaration pursuant to the Higher Education Act of 1965 ("HEA") and the Declaratory Judgment Act that: (1) he did not rehabilitate his loan prior to February 2018; (2) if the DOE did rehabilitate his loan in 2010, it did so by "erroneously and unilaterally" imposing the terms of rehabilitation; (3) he was eligible for loan rehabilitation as of February 2018; (4) the DOE should have allowed him to enter into loan rehabilitation in March 2018; (5) he made nine qualified payments toward loan rehabilitation between March and November 2018; and (6) his loan is rehabilitated and the default removed as of November 2018, entitling him to all benefits of the federal student loan program. Docket No. 1, pp. 10-11.

This matter is before the Court upon a Motion to Dismiss with prejudice filed by Ms. DeVos and the DOE. Docket No. 6. Along with their Motion, Ms. DeVos and the DOE have filed a supporting Memorandum of Law. Docket No. 7. As grounds for their motion, Ms. DeVos and

the DOE contend that: (1) the declaratory relief sought by Mr. Pledger is functionally equivalent to injunctive relief and thus not available against the DOE; and (2) Mr. Pledger's loan was properly rehabilitated in November 2010, making him ineligible for a second rehabilitation. *Id.* at 5-6.

Mr. Pledger filed a Response to Ms. DeVos and the DOE's Motion, asserting that: (1) the declaratory relief he seeks is not functionally injunctive; (2) the relevant regulation impliedly required that the borrower and lender agree on a rehabilitation payment amount; (3) there is no evidence that the payments that allegedly qualified his loan for rehabilitation were properly determined on the basis of his financial circumstances; and (4) the nine payments he made towards his loan in 2010 did not qualify the loan for rehabilitation. Docket No. 10, pp. 2- 4.

Ms. DeVos and the DOE filed a Reply to Mr. Pledger's Response, maintaining that: (1) Mr. Pledger's characterization of the relief he seeks as declaratory and not injunctive is a distinction without a meaningful difference; (2) the rehabilitation regulation did not imply or contemplate a written agreement; and (3) the payments Mr. Pledger made in 2010 did properly qualify his loan for rehabilitation. Docket No. 13, pp. 2-4.

For the reasons set forth below, the undersigned finds that the Court lacks subject matter jurisdiction in this action. Accordingly, the undersigned recommends that Ms. DeVos and the DOE's Motion to Dismiss (Docket No. 6) be GRANTED.

## II.    FACTS

Between 1998 and 2001, Mr. Pledger took out approximately $25,000.00 in Direct Subsidized Loans and $30,000 in Direct Unsubsidized Loans through the William D. Ford Direct Loan Program while attending Walter F. George School of Law at Mercer University. Docket No. 1, pp. 5-6; 8-1, p. 3. In 2002, Mr. Pledger consolidated his loans into one Federal Direct Consolidation Loan ("FDCL") totaling approximately $60,540.00. Docket No. 1, p. 6. From 2002

until 2009, Mr. Pledger's loan repayment was somewhat sporadic. *Id.* Consequently, the DOE asserts that Mr. Pledger's FDCL went into default on September 15, 2009. Docket Nos. 7, p. 3; 8-3, p. 9. Between March and October of 2010, Mr. Pledger made nine payments toward his FDCL in the amount of at least $500, making one payment per month in March, May, June, July, August, September, and October, as well as two payments in the month of April. Docket Nos. 1-7, p. 3; 7, p. 3; 8-5, pp. 8-9; 10, p. 4.

The DOE states that it transferred Mr. Pledger's FDCL from the default database back to the non-default servicing center in November of 2010. Docket Nos. 1-4, p. 1; 8-3, p. 9. Several years later, Mr. Pledger's FDCL was declared in default[1] and placed with Immediate Credit Recovery, Inc. ("ICR") for collection. Docket Nos. 1, p. 6; 1-3, p. 1; 8-3, p. 9. Between January 2014 and May 2017, Mr. Pledger made irregular monthly payments. Docket Nos. 1-7, p. 3; 7, p. 3; 8-5, pp. 7-8. From February 2018 to February 2020, however, Mr. Pledger made regular payments of at least $500 per month. Docket Nos. 1, p. 10, 1-7, pp. 3-4; 8-5, pp. 2-6

In February 2018, Mr. Pledger wrote to ICR, seeking rehabilitation of his FDCL under the Federal Student Loan Program. Docket Nos. 1, pp. 6-7; 1-1; 7, p. 1. After several phone calls and letters to both ICR and the DOE, Mr. Pledger was informed that he was ineligible to rehabilitate his loan. Docket Nos. 1, pp. 6-7; 1-1; 7, p. 1. The DOE stated that Mr. Pledger's ineligibility stemmed from the fact that he had previously rehabilitated his loan in November of 2010 after making "the required number of on-time monthly payments." Docket Nos. 1, pp. 7-9; 1-4, p. 1; 1-7, pp. 1-2. The DOE indicated that no written agreement confirming this rehabilitation was available. Docket No. 1, p. 9; 1-7, p. 2.

---

[1] Mr. Pledger contends that his loan was declared in default "sometime in 2014," while the DOE has presented evidence that the loan was declared in default in 2013. *See* Docket Nos. 1, p. 6; 8-3, p. 5. Such inconsistency is immaterial to these proceedings.

Subsequently, Mr. Pledger filed a Complaint in this Court on May 15, 2020. Docket No. 1.

### III. LAW AND ANALYSIS

**A.    Rule 12(b)(1)**

**1.    Generally**

Ms. DeVos and the DOE bring a facial challenge to Mr. Pledger's Complaint, contending that the Court lacks subject matter jurisdiction because the declaratory relief Mr. Pledger seeks is functionally injunctive and 20 U.S.C. § 1082's limited waiver sovereign immunity does not apply. Docket Nos. 6, p. 1; 7, pp. 5-6. Ms. DeVos and the DOE further aver that the Declaratory Judgment Act cannot independently confer jurisdiction. Docket Nos. 6, p. 1; 7, pp. 5-6.

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal Rule of Civil Procedure 12(b)(1), however, provides that a party may defensively assert that the court lacks subject matter jurisdiction over the claim at issue. Fed. R. Civ. P. 12(b)(1). According to Rule 12(h)(3), the court must dismiss an action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The burden of establishing that subject matter jurisdiction exists is on the plaintiff. *Taylor v. KeyCorp*, 680 F. 3d 609, 612 (6th Cir. 2012), *citing Nichols v. Muskingum Coll.*, 318 F. 3d 674, 677 (6th Cir. 2003).

The Sixth Circuit has clarified that motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F. 3d 592, 598 (6th Cir. 1994). The court explained the distinction as follows:

> A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations,

> but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id.*

### 2. The Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides, in pertinent part:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . .

28 U.S.C. § 2201.

The Sixth Circuit has held that § 2201 does not create an independent cause of action; a federal court must therefore have jurisdiction under another federal statute before a plaintiff can invoke the Act. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007), *quoting Toledo v. Jackson*, 485 F.3d 836, 839 (6th Cir. 2007).

### 3. Waiver of Sovereign Immunity Under 20 U. S.C. § 1082

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Consequently, sovereign immunity erodes subject matter jurisdiction in lawsuits against the United States and its agencies unless the government has consented to suit. *Hohman v. Eadie*, 894 F.3d 776, 783 (6th Cir. 2018), *quoting Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). Suits brought against the United States or its agencies must therefore be dismissed unless a plaintiff can point to an express waiver of sovereign immunity. *See Jackson v. United States*, 751 F.3d 712, 716 (6th Cir. 2014), *citing Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).

The sovereign immunity of the DOE is waived in part by 20 U.S.C. § 1082, which provides that the Secretary of Education may:

(2) sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy, and action instituted under this subsection by or against the Secretary shall survive notwithstanding any change in the person occupying the office of Secretary or any vacancy in that office; but **no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control** and nothing herein shall be construed to except litigation arising out of activities under this part from the application of sections 509, 517, 547, and 2679 of Title 28. . . .

20 U.S.C. § 1082(a)(2) (emphasis added).

The Sixth Circuit has not specifically addressed whether § 1082's prohibition against injunctive relief "or other similar process" encompasses declaratory judgments.[2] *Id.* In *Michigan Corrections Organization v. Michigan Department of Correction*, however, the Court addressed a similar question under the Fair Labor Standards Act ("FLSA"). 774 F. 3d 895, 902-05 (6th Cir. 2014). The plaintiffs in *Michigan Corrections* sought declaratory relief against the Director of the Department of Corrections under the FLSA. *Id.* at 902. In response, the Court stated the following:

> The FLSA permits only the Department of Labor to seek injunctions under the statute. The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others. Declaratory judgments in every practical sense operate like injunctive relief, meaning that the implication of a private declaratory judgment action would not only be in tension with the statutory scheme but also would essentially contradict it. Confirming the similarity of the two actions, the Court has long held that the Tax Injunction Act precludes declaratory relief even though the language of the Act forbids only injunctions. Having provided authority only for the Department of Labor to bring injunction actions, Congress did not permit courts to imply a private right to bring injunction actions or their direct relation: a declaratory judgment right of action.

*Id* at 903-04. (citations and quotation marks omitted).

---

[2] Circuits that have considered this question, however, have resolved it inconsistently. *Compare Am. Ass'n of Cosmetology Sch. v. Riley*, 170 F. 3d 1250, 1254 (9th Cir. 1999) (finding no jurisdiction) *and Thomas v. Bennett*, 856 F. 2d 1165 (8th Cir. 1988) (finding jurisdiction).

### B. Rule 12(b)(6)

Ms. DeVos and the DOE further assert that Mr. Pledger fails to state a claim upon which relief can be granted because Mr. Pledger's loan was properly rehabilitated in November 2010, making him ineligible for a second loan rehabilitation. Docket No. 6, p. 2.

Federal Rule of Civil Procedure 12(b)(6) provides that a case may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To determine whether a claim may be dismissed under Rule 12(b)(6), the Court must follow the Supreme Court's pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under this standard, the Court must accept as true all well-pleaded factual allegations, although it need not accept legal conclusions. *Iqbal*, 556 U.S. at 678. To survive a Motion to Dismiss, the well-pleaded factual allegations in a plaintiff's complaint must "plausibly give rise to an entitlement to relief." *Id.* at 679. Factual allegations do so when they "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### C. Case at Bar

The determinative question in this action is whether the Court has subject matter jurisdiction over Mr. Pledger's claim; the burden of proving this jurisdiction exists is on Mr. Pledger. *See Taylor*, 680 F. 3d at 612, *citing Nichols*, 318 F. 3d at 677. Mr. Pledger asserts that the Court has federal question jurisdiction because his claims arise under the HEA and its amendments. *See* Docket No. 1, p. 2. Ms. DeVos and the DOE, however, contend that subject matter jurisdiction is defeated by sovereign immunity because Mr. Pledger's requested relief is functionally injunctive and thus not within 20 U.S.C. § 1082's sovereign immunity waiver. Docket Nos. 6, p. 6; 7, p. 6; 13, p. 2. Mr. Pledger responds that Ms. DeVos and the DOE have mischaracterized his requested relief, which is properly declaratory and therefore within the

waiver. Docket No. 10, p. 6.

Taking the factual allegations in Mr. Pledger's pleadings as true, as the Court must when responding to a facial attack, the Court should nevertheless find the declaratory relief Mr. Pledger seeks impermissible under 20 U.S.C. § 1082. *See* 20 U.S.C. § 1082; *Ritchie*, 15 F. 3d at 598. As discussed above, the Sixth Circuit has held that declaratory judgments operate "in every practical sense" like injunctive relief. *See Mich. Corr. Org.*, 774 F. 3d at 903-04. Like the statute at issue in *Michigan Corrections*, 20 U.S.C. § 1082 does not provide a private right to injunctions, "meaning that the implication of a private declaratory judgment action would not only be in tension with the statutory scheme but also would essentially contradict it." *See* 20 U.S.C. § 1082(a)(2); *id.* The relief Mr. Pledger seeks is, "in every practical sense[,]" injunctive. *See Mich. Corr. Org.*, 774 F.3d at 903-04. Rather than a prospective declaration applicable to future actions by the DOE, Mr. Pledger seeks a retrospective declaration that his loan was not previously rehabilitated. *See* Docket No. 1, pp. 10-11. Such retrospective declaration would remove Mr. Pledger's current loan rehabilitation disqualification, effectively requiring the DOE to consider rehabilitation where it otherwise would not. The statutory scheme of 20 U.S.C. § 1082 clearly did not intend for the Court to compel such action. For this reason, the Court should find that the declaratory relief sought by Mr. Pledger against Ms. DeVos and the DOE is impermissible under 20 U.S.C. § 1082 and, therefore, the Court lacks subject matter jurisdiction.

## V. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that the Defendants' Motion to Dismiss (Docket No. 6) be GRANTED and that Mr. Pledger's claims against Ms. DeVos and the DOE be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days

8

Case 3:20-cv-00416    Document 15    Filed 12/11/20    Page 8 of 9 PageID #: 120

after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**